* Thurman, C. J.
By the first section of the act regulating appeals to the district court (Swan’s Stat. 717), it is provided “that appeals may be taken from all final judgments in civil cases at law,, decrees in chancery, and interlocutory decrees dissolving injunctions, rendered by the court of common pleas, etc., by any party against whom such judgment or decree shall be rendered, or who-may be affected thereby, to the district court; and the cause so appealed shall be again tried, heard, and decided in the district court, in the same manner as though the said district court had original jurisdiction of the cause.”
The second section requires notice of the intention to appeal to be entered on the record of the court in which the judgment or decree is rendered, at the judgment term, and an appeal bond to be filed within thirty days from the rising of the court.
The third section prescribes the penalty of the bond, and who shall be its obligee, and requires it to be “ subject to a condition to the effect, that the party appealing shall abide and perform the order and judgment of the appellate court, and shall pay all moneys,. *214 costs, and damages which may be required of, or awarded against said party, by such coui't.”
The fourth section allows an appeal of a part of a case, where the ■interest of the appellant “ is separate and distinct from that of the other party or parties.”
The ninth section provides: “ That when an appeal shall be .granted, and bond and security given thereon as aforesaid, the judgment or decree rendered in such case, in the court below, shall thereby be suspended.”
Under this legislation, we are to inquire whether the district court erred in dismissing the appeal in this case.
In the first place, it is to be observed that counsel are right in saying that section 4 of the act has no application here. The purposes of that section may be seen by a reference to Hocking Valley Bank v. Walters, 1 Ohio St. 201; Glass v. Greathouse, 20 Ohio, 511; and Emerick v. Armstrong, 1 Ohio, 516.
*In the next place, we are of the opinion that if Ewers’ appeal can be sustained, it brings up the whole case. The judgment was joint, and we do not suppose that the legislature intended that a joint judgment should be enforced against one of the defendants by execution, and suspended against the other. It is true that section 9, before quoted, differs in language from the former statutes respecting appeals. Under the old law, an appeal vacated the judgment appealed from, but preserved its lien; the present statute declares that the judgment shall be “ suspended." But the purpose in both statutes is, we imagine, the same — namely, to preserve the lien — for the legislature could not have intended that there should be two judgments in force; one rendered by the common pleas, and the other by the district court.
Under the old law, one of two or more judgment debtors had a right to appeal, and if the- judgment were joint, his appeal vacated it and took up the whole case, however unwilling his co-defendants might be. This was expressly decided in Emerick v. Armstrong, ■supra, and affirmed in Glass v. Greathouse, supra, upon reasons that are entirely satisfactory, and which, we think, apply with as much force tb^he existing statutes as to those under which the above decisions were made. Hence it was said in Hocking Valley Bank v. Walters, supra, which was a case under the present statute, that an rappeal vacated the decree appealed from.
In the case before us, the district court dismissed the appeal, be *215 cause tbe bond was not conditioned for tbe payment of whatever judgment should be recovered against the defendant, Winegarner, but only for the payment of such judgment as should be recovered against the appellant Ewers.
If this is a correct construction of the statute, it is very evident that the right of appeal is of no value whatever to many defendants, and in a great variety of cases. Eor of what use is it for a defendant, who has a valid defense, to appeal from an erroneous ^judgment or decree against him, and make good his defense in the appellate court, if he is to be bound by the appeal bond to pay whatever judgment may be recovered against his co-defendant, who has no defense ? True, in actions ex contractu, the general rule, before the adoption of the code, was, that the plaintiff must recover against all the defendants, or he could recover against none; and hence, in such cases, an appellant incurred no additional risk by executing an appeal bond covering the default of his co-defendants as well as his own. But in suits in chancery, actions in tort, and ■certain exceptional cases in actions ex contractu, a different rule prevailed, and a recovery might be had against a part-only of the defendants, and the others be discharged. In such cases, therefore, to require an appellant to stipulate for his co-defendants as well as for himself, would be, in a vast number of instances, to deprive him of any benefit from his appeal. He might make good his defense and obtain a judgment or decree against the plaintiff for costs, and yet be compelled, by force of the appeal-bond, to pay the plaintiff’s ■claim against his co-defendants — not because he was 'originally bound for them, or ought in equity or good policy to be so, but simply because they were unable to pay.
We see nothing in the statute that requires so hard a construction. It provides that an appeal may be taken “ by any party,” against whom a judgment or decree shall be rendered, “ or who may be affected thereby;” and that the condition of the appeal bond shall be “ to the effect, that the party appealing shall abide and perform the order and judgment of the appellate court, and shall pay all moneys, costs, and damages which may be required of, or awarded against said party, by such court.” The “ order and judgment ” here mentioned, are an order or judgment against the appellant; the expression, “said party,” refers to the appellant; and the word “ party ” is not used as a noun of multitude only, necessarily including all the defendants, but means the one, or more of them — ■ *216, 217 all, or less than all — wbo shall take the appeal and execute the bond.
*It is admitted that one of several defendants may appeal the case; and it will not be denied that, if a judgment be recovered against him, he may become liable upon his appeal bond, although no judgment shall have been rendered against his co-defendants but how can either of these things be, if the word “ party ” necessarily means all the defendants ?
Had this case arisen under the act of 1831 (Swan’s old Stat. 682)' —which required the appeal bond to be “ conditioned for the payment of the full amount of the condemnation money, in the Supreme Court, and costs, in case a judgment or decree should be entered therein in favor of the appellee” — there might be more doubt-about it. But even under that statute — in view of all its provisions and the decisions before referred to, holding that one of several defendants should appeal the whole case — it might be questioned whether a defendant, against whom no judgment was recovered in the Supreme Court, could be made liable, on the appeal bond, to pay a judgment rendered against his co-defendant. Upon this question, however, we neither express nor intimate an opinion, because-it is in nowise involved in this case. It is sufficient that the act. under consideration requires no such hardship.
The order quashing the appeal must be reversed, and a writ of' procedendo awarded.